UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ALBERT ROPER,                          )
                                       )
                  Petitioner,          )
                                       )
          v.                           )          No. 1:17-cv-03639-SEB-TAB
                                       )
SUPERINTENDENT,                        )
                                       )
                  Respondent.          )


**Entry Directing Further Proceedings**

The petition of Albert Roper for a writ of habeas corpus challenges a prison disciplinary

proceeding identified as No. IYC 17-06-0016. For the reasons explained below, Roper must file

a reply in this action or his petition for a writ of habeas corpus will be considered abandoned.

**I. The Disciplinary Proceeding**

On June 1, 2017, Lieutenant M. Meyer wrote a Report of Conduct that charged Roper with

Class A offenses 111/113, Attempting to Traffic. The Conduct Report stated:

> On June 1, 2017 at approximately 12:20 PM I, Lieutenant M. Meyer, was
> conducting a search with Officer A. Fickle of offender property belonging to
> Offender Roper, Albert #170532 (E4-8L). While Officer Fickle was searching the
> property box Offender Roper made a comment regarding Officer Fickle's watch he
> was wearing. Offender Roper commented on how nice the watch was and then
> stated "Hey, why don't you drop that watch off in my property box while you are
> in there". I asked Offender Roper to hand me his ID to verify his information.
> Offender Roper complied and handed me his ID. He then questioned me as to why
> I needed his information. I informed him he would be receiving a conduct report
> for his comment. Offender Roper then contended he did not say that and he only
> stated that Officer Fickle had a nice watch.

Dkt. 7-1 at p. 1. Officer Fickle offered a witness statement that quotes Roper as saying "You should

drop that watch in my property box while you are in there." Dkt. 7-1 at p. 2.

On June 3, 2017, Roper was notified of the charge of Class A offenses 111/113, Attempting to Traffic, when he was served with the Conduct Report and the Notice of Disciplinary Hearing. Roper was notified of his rights and pleaded not guilty. He requested and was provided the assistance of a lay advocate. At screening Roper requested statements from three offenders, saying "All 3 will tell what happened." He did not request any physical evidence. The statements from the three offenders were collected.

The hearing officer conducted a disciplinary hearing in IYC17-06-0016 on June 6, 2017. Roper pled not guilty and gave a comment. Roper reportedly said "I was talking shit. I am a truck driver. I was saying I was going to make more money than them. I was sleeping when they woke me up." Dkt. 7-7. The hearing officer found Roper guilty of Class A offenses 111/113, Attempting to Traffic. The hearing officer considered staff reports, Roper's statement, and evidence from witnesses. The sanctions were an earned credit time deprivation of 30 days, and demotion from Credit Class 1 to Credit Class 2, suspended.

Roper appealed to the Facility Head and Final Reviewing Authority without success. Roper then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 11, 2017.

On December 4, 2017, the Department of Correction modified Roper's charge to Class B offense 240, Conspiracy/Attempting/Aiding or Abetting, for attempting Class B offense 233, Bribing/Giving. The sanction was not modified. Dkt. 7-11.

Class B offense 233 is defined as "[g]iving or offering a bribe or anything of value to a staff member, authorized volunteer, visitor or contractor or possessing, giving to or accepting from any person anything of value without proper authorization." Dkt. 7-12. See DOC Adult

Disciplinary Process Appendix I: Offenses, at 1 (June 1, 2015), available at http://www.in.gov/idoc/3265.htm (last visited April 25, 2017).

## II.      Analysis

Roper argues that there is insufficient evidence to find him guilty of attempting to traffic under offense 111. After this habeas action was filed, however, the Department of Correction modified Roper's charge to Class B offense 240, Conspiracy/Attempting/Aiding or Abetting, for attempting Class B offense 233, Bribing/Giving. On December 5, 2017, the day after this modification was made, the Respondent filed his response to the Petition for Writ of Habeas Corpus. Roper did not file a reply and the time to do so has passed.[1]

Roper's insufficient evidence arguments no longer relate the charged offense. Accordingly, Roper shall have **through May 18, 2018,** to either 1) file an amended petition for writ of habeas corpus attacking his modified disciplinary conviction or 2) file a reply address the arguments raised in the respondent's return to order to show cause. If Roper fails to comply with this deadline without explanation, this action shall be understood to be abandoned and dismissed without prejudice.

**IT IS SO ORDERED.**

Date:  _____4/30/2018_____

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] The Department of Correction website reflects that Mr. Roper was discharged from DOC custody on December 24, 2017. No new address has been reported.

Distribution:

ALBERT ROPER
170532
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic Service to:

        Indiana Attorney General
        Indiana Department of Correction